**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-1097**

_____

BADER MOHAMMED AL-OTAIBI,

> Petitioner,

v.

PAMELA JO BONDI, Attorney General,

> Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted: March 7, 2025                           Decided: May 7, 2025

_____

Before GREGORY and HARRIS, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Petition dismissed in part and denied in part by unpublished per curiam opinion.

_____

**ON BRIEF:** Patrick Taurel, GROSSMAN YOUNG & HAMMOND, LLC, Bethesda, Maryland, for Petitioner. Brian Boynton, Principal Deputy Assistant Attorney General, Cindy S. Ferrier, Assistant Director, Marie V. Robinson, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bader Mohammad Al-Otaibi, a native and citizen of the Kingdom of Saudi Arabia, petitions for review of an order of the Board of Immigration Appeals upholding the immigration judge's discretionary denial of Al-Otaibi's application for adjustment of status. We deferred action on the Attorney General's motion to dismiss until after Al-Otaibi filed his opening brief.[*] Upon consideration of the parties' briefs, the underlying record, and the relevant authorities, we grant the motion to dismiss in part and deny the remainder of this petition for review.

Under 8 U.S.C. § 1252(a)(2)(B)(i), entitled "Denials of discretionary relief," "no court shall have jurisdiction to review any judgment regarding the granting of relief under section . . . [8 U.S.C. §] 1255," which governs adjustment of status. We retain jurisdiction to review constitutional claims or questions of law, *see* 8 U.S.C. § 1252(a)(2)(D), so long as they are colorable, that is, potentially valid, *Gomis v. Holder*, 571 F.3d 353, 358 (4th Cir. 2009).

Al-Otaibi contends that the immigration judge was biased against him, in violation of both Board precedent and the Due Process Clause. The Attorney General counters that, because these claims were not exhausted, they are not sufficiently colorable to command judicial review. As explained herein, we agree with the Attorney General.

---

[*] We thereafter placed this matter in abeyance for this court's decision in *Salomon-Guillen v. Garland*, No. 23-1723. The mandate in that case has now issued, rendering this case ripe for disposition.

2

We "may review a final order of removal only if . . . the [noncitizen] has exhausted all administrative remedies available to the [noncitizen] as of right." 8 U.S.C. § 1252(d)(1). The Supreme Court has held that this limitation on review is not jurisdictional, but a claim-processing rule. *Santos-Zacaria v. Garland*, 598 U.S. 411, 415-19 (2023). After *Santos-Zacaria*, this court found that the exhaustion requirement of § 1252(d)(1) is "a mandatory claim-processing rule." *Tepas v. Garland*, 73 F.4th 208, 213 (4th Cir. 2023). Thus, when the Attorney General properly invokes § 1252(d)(1), we will deny review of a claim for which the petitioner has not exhausted his administrative remedies. *Id*. at 213-14.

Our review of Al-Otaibi's counseled administrative appeal brief confirms that Al-Otaibi did not raise any allegations of improper bias by the immigration judge for the Board's consideration and that the appellate arguments that he did assert were inadequate to alert the Board that there was a potential bias concern. *Cf. Atemnkeng v. Barr*, 948 F.3d 231, 241 (4th Cir. 2020) (explaining that noncitizen need "not conjure up 'magic words' to" satisfy the administrative exhaustion requirement so long as the asserted appellate argument "in essence raise[s] the concern"). Consistent with this, we observe that the Board did not address any such concerns in its order. *See, e.g.*, *Kouyate v. Garland*, 122 F.4th 132, 141 (4th Cir. 2024) (in concluding that petitioner failed to administratively exhaust specific issue related to the immigration judge's "particularly serious crimes ruling," observing that the Board "did not exercise its authority or apply its expertise to a proper review and disposition of the contention [petitioner] seeks to pursue here"). As such, we hold that the Attorney General has properly invoked § 1252(d)(1)'s exhaustion requirement for Al-Otaibi's claims that the immigration judge was biased against him, in

violation of both Board precedent and due process. And, given this holding, we agree with the Attorney General that these arguments are not sufficiently colorable to avoid the jurisdictional bar on judicial review of the agency's discretionary denial of relief. *Accord Patel v. U.S. Att'y Gen.*, 971 F.3d 1258, 1275 (11th Cir. 2020) ("A colorable claim need not involve a substantial violation, but the claim must have some possible validity." (internal quotation marks omitted)). We thus grant in part the Attorney General's motion to dismiss for lack of jurisdiction this aspect of the petition for review.

We turn, then, to Al-Otaibi's lead argument, which challenges the validity of the Board's order. Specifically, Al-Otaibi asserts that the Temporary Appellate Immigration Judge who ruled on his appeal lacked the authority to act because her initial six-month appointment had expired, and the Board could not extend that appointment. We recently considered—and rejected—this precise issue. *See Salomon-Guillen v. Garland*, 123 F.4th 709 (4th Cir. 2024). Specifically, the question presented there was "whether such temporary judges' terms are renewable under the regulatory provision in effect during his administrative appeal[, and this court] agree[d] with the government that the answer is yes." *Id.* at 711-12. Because *Salomon-Guillen* squarely forecloses Al-Otaibi's contention that Temporary Appellate Immigration Judge "Brown no longer had authority to serve as a temporary BIA member when she issued her decision" (Pet'r's Br. (ECF No. at 39) at 19), we deny the petition for review as to this issue.

For these reasons, we grant the Attorney General's motion to dismiss, in part, and dismiss this petition for review as related to the allegations of judicial bias. We deny the remainder of the petition for review. We dispense with oral argument because the facts

4

and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED IN PART*
*AND DENIED IN PART*